**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**DAVID VITEZ, MAUREEN VITEZ,**　　　　:
**DMS ENTERPRIZES, INC.,**

　　　　　　　　　　　　　　　:　　　**CIVIL ACTION NO. 3:18-1661**

　　　　　　　　**Plaintiffs**

　　　　　　　　　　　　　　　:　　　　　**(JUDGE MANNION)**

　　　　　**v.**

　　　　　　　　　　　　　　　:

**SANTANDER BANK, N.A.,**

　　　　　　　　　　　　　　　:

　　　　　　　　**Defendant**

　　　　　　　　　　　　　　　:

## <u>MEMORANDUM</u>

Pending before the court is the defendant's motion to dismiss the plaintiffs' amended complaint. (Doc. 8). Upon review, the defendant's motion will be granted in part and denied in part.

The plaintiffs allege that they had a total of three (3) loans with the defendant which were recognized with the filing of a mortgage and note at the Berks County Recorder of Deeds. In December of 2016, the plaintiffs allege that the loans were paid in full, after which they and their title insurance company requested in writing and orally that the loans be marked as satisfied. The plaintiffs allege that "the writing was in accordance with statute." According to the plaintiffs' amended complaint, the mortgages were not satisfied until after they were forced to file a separate suit. As a result of the defendant's failure to satisfy the mortgages in a timely manner, the plaintiffs allege they suffered harm to their title to the property. As a result, the plaintiffs

filed the instant action in which they bring three (3) claims under the Mortgage Satisfaction Act, ("Act"), 21 P.S. §721, et seq., and three claims for breach of contract, one of each claim for each mortgage. The defendants have moved to dismiss the plaintiffs' amended complaint as untimely and for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

The defendant initially argues that the plaintiffs' complaint should be dismissed as untimely because it was filed one week out of time. Pursuant to Fed.R.Civ.P. 15(a), the defendant argues that the plaintiffs had twenty-one (21) days from the date it filed its motion to dismiss the plaintiffs' original complaint on August 22, 2018, to file their amended complaint, after which they would have been required to either obtain the defendant's written consent or leave of court to file the amended complaint. The plaintiffs filed their amended complaint twenty-eight (28) days after the defendant's motion to dismiss without written consent of the defendant or leave of court. The defendant argues, therefore, that the amended complaint should be dismissed as untimely.

Although the plaintiffs did not comply with the requirements of Fed.R.Civ.P. 15 with respect to the filing of their amended complaint, the court sees no prejudice suffered by the defendant as a result of the plaintiffs

filing their amended complaint one week out of time.[1] Thus, the defendant's motion to dismiss will be denied on this basis.

Next, the defendant argues that the plaintiffs' claims under the Mortgage Satisfaction Act should be dismissed for failure to state a claim upon which relief can be granted because the amended complaint does not factually allege how the plaintiffs met the notice requirements of the Act. Specifically, the Act provides that once the obligation secured by a mortgage has been paid in full, "the mortgagor may send a notice to the mortgagee to present for recording a satisfaction piece." 21 P.S. §721-6(a). The mortgagor's notice must meet specific requirements set forth in the statute. The notice must be in a form which is substantially similar to the notice produced in the statute. The notice must also be sent by certified or registered mail, return receipt requested, to the mortgagee's address designated in the payoff statement. If proper notice is sent, and the mortgagee then fails to satisfy the mortgage within sixty (60) days of receiving the notice, "the mortgagee shall forfeit and pay to the mortgagor a penalty in a sum not exceeding the original loan amount." Id. at §721-6(d). The defendant argues that the plaintiffs have failed to specifically allege in their complaint how they met the notice requirements

---

[1]By this, the court does not condone untimely filings by the plaintiffs, or any other party, and the plaintiffs are advised that future untimely filings may be stricken.

of the Act and, therefore, their claims under the Act should be dismissed.

Upon review of the amended complaint, the plaintiffs do allege that they provided written notice to the defendant and that the notice met the requirements of the statute. Although the plaintiffs did not specifically outline the facts relating to the provision of notice, the Federal Rules of Civil Procedure require only notice pleading. Thus, at this stage of the proceedings, the defendant's motion to dismiss will be denied as to the plaintiffs' claims under the Act.[2]

Finally, the defendants argue that the plaintiffs' claims for breach of contract should be dismissed because the Act is the exclusive remedy for claims arising out of the failure of a mortgagee to mark a mortgage satisfied. The plaintiffs do not challenge this argument in their opposing brief and, in fact, the Act provides that "[a]n action under [21 P.S. §721-6] shall be the exclusive remedy for damages for failure of a mortgagee to issue and present for recording a satisfaction piece." 21 P.S. §721-6(d)(4). In light of this, the

---

[2]The defendants argue that statements made by the plaintiffs in their opposing brief demonstrate that they did not provide proper notice under the Act. However, the court looks to the allegations of the amended complaint, not statements made in an opposing brief, to determine whether a motion to dismiss should be granted. Despite this, the court recognizes that, if the plaintiffs can do no more than establish what is set forth in their opposing brief, and cannot establish that proper notice was provided in accordance with the dictates of the statute, their claims under the Act will likely fail.

4

defendant's motion to dismiss will be granted with respect to the plaintiffs'

breach of contract claims.

An appropriate order shall issue.




s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: October 10, 2018**